# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY PORTER, | ) |
| | ) Civil Action No.: 2:19-cv-649 |
| Plaintiff, | ) |
| | ) Judge: |
| v. | ) |
| | ) Magistrate: |
| CREDIT ACCEPTANCE | ) |
| CORPORATION, | ) Division: |
| | ) |
| Defendant. | ) Section: |

## PLAINTIFF'S COMPLAINT

Plaintiff, LARRY PORTER ("Plaintiff"), through Plaintiff's attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, CREDIT ACCEPTANCE CORPORATION ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. § 51:1401 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 47 U.S.C. § 227.

3. Subject-matter jurisdiction of this court arises pursuant to 47 U.S.C. § 227, as confirmed by *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012), and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Gretna, Louisiana.

6. Plaintiff and Defendant are persons as defined by 47 U.S.C. § 153.

7. Defendant is a debt collector domiciled in Southfield, Michigan.

8. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. Defendant's agents, employees, officers, members, directors, assigns, and representatives acted within the course and scope of their employment when taking the actions stated herein.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a debt from Plaintiff.

13. In July of 2017, Defendant repossessed Plaintiff's vehicle.

14. When Plaintiff inquired about the repossession, he was told it happened due to a

missed payment six months prior.

15. Upon information and belief, Defendant was not entitled to repossess Plaintiff's vehicle.

16. Plaintiff suffered financial loss due to the repossession but was able to recover his vehicle.

17. In or around July of 2017, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

18. In or around July of 2017, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

19. During the aforementioned conversation, Plaintiff told Defendant's collector to stop calling.

20. On multiple occasions since the aforementioned conversation, Plaintiff has spoken with Defendant's collectors and told them to stop calling.

21. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff's cellular telephone.

22. Upon answering calls from Defendant, Plaintiff was met with a prerecorded message before a person came on the line.

23. When Plaintiff does not answer Defendant's calls, Defendant leaves a prerecorded message on Plaintiff's voicemail.

24. Upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

25. Defendant's calls were not placed for emergency purposes.

26. Plaintiff never provided Defendant with consent to call Plaintiff's cellular phone.

27. Plaintiff revoked any consent Defendant may have believed it had to call Plaintiff's cellular phone.

28. Upon information and belief, Defendant knowingly and intentionally called Plaintiff via an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

29. Plaintiff reported Defendant to the Better Business Bureau, however, Defendant responded with false, unfair, and deceptive representations.

30. Plaintiff suffered an ascertainable loss due to Defendant's actions

31. Plaintiff suffered mental and emotional distress due to Defendant's actions.

## VIOLATIONS OF THE TCPA

32. The preceding paragraphs are incorporated as if fully stated herein.

33. Defendant is liable under 47 U.S.C. § 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

34. These calls were made knowingly and willfully.

## VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

35. The preceding paragraphs are incorporated as if fully stated herein.

36. The Defendants' actions stated herein were knowingly unfair and deceptive as defined by La. R.S. § 51:1405.

## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.

3. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.

4. All actual damages suffered by Plaintiff pursuant to and La. R.S. § 51:1409.

5. Trebled damages suffered by Plaintiff for Defendants' knowing use of deceptive acts or practices pursuant to La. R.S. § 51:1409.

6. All costs and attorney's fees incurred by Plaintiff pursuant to La. R.S. § 51:1409.

7. Any other relief this Court deems appropriate.

DATED:  January 28, 2019                    RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff